# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LAVERN BERRYHILL, | ) |
| Plaintiff, | ) |
| v. | ) No. CIV 10-151-JHP |
| JUDGE FRANK H. SEAY and | ) |
| JUDGE STEVEN P. SHREDER, | ) |
| Defendants. | ) |

## OPINION AND ORDER

Plaintiff Lavern Berryhill, an inmate in the custody of the Oklahoma Department of Corrections who is incarcerated at Oklahoma State Penitentiary in McAlester, Oklahoma, has filed this civil rights action pursuant to 42 U.S.C. § 1983 against United States District Judge Frank H. Seay and United States Magistrate Judge Stephen P. Shreder, both of whom serve in this court. Plaintiff alleges Judge Seay and Judge Shreder conspired to protect unnamed friends and associates, as well as state and federal officials. He specifically complains he was denied due process and equal protection in *Berryhill v. Henry*, No. CIV 10-091-FHS-SPS (E.D. Okla.), when his motions for appointment of counsel and for leave to proceed *in forma pauperis* were denied. He contends the defendants had "a criminal meeting of the mind" and "elected to cause this plaintiff severe mental anguish and emotional distress & to sabotage 10-CV-91 . . . and to murder me . . . and to hard labor" [Docket #1 at 3]. He asks for relief in the form of a declaratory judgment, criminal prosecution of the defendants, compensatory damages of $125,000,000 from each defendant, and punitive damages of $375,000,000 from each defendant [Docket #1 at 4].

The court has reviewed the record and construed plaintiff's pro se pleadings liberally. *Haines v. Kerner*, 404 U.S. 519 (1972). This relaxed standard, however, does not relieve his burden of alleging sufficient facts on which a recognized legal claim could be based. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Although plaintiff has not paid the filing fee in this action or been granted leave to proceed *in forma pauperis*, this court is empowered to dismiss the complaint pursuant to 28 U.S.C. § 1915A:

> (a) Screening.--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) Grounds for dismissal.--On review, the court shall identity cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
>
>> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>>
>> (2) seeks monetary relief from a defendant who is immune from such relief. . . .

28 U.S.C. § 1915A. *See also Plunk v. Givens*, 234 F.3d 1128, 1129 (10th Cir. 2000) ("§ 1915A applies to all prison litigants, without regard to their fee status, who bring civil suits against a governmental entity, officer, or employee.").

Here, the court finds plaintiff's complaint is both frivolous and malicious. Judges have absolute immunity for their "official adjudicative acts." *Lundahl v. Zimmer*, 296 F.3d 936, 939 (10th Cir. 2002). There are only two exceptions to this absolute immunity: actions taken outside the judge's judicial capacity, and actions "taken in the complete absence of all jurisdiction." *Stein v. Disciplinary Bd. of Supreme Ct. of N.M.*, 520 F.3d 1183, 1195 (10th Cir. 2008) (quoting *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991)). The court further finds the

allegations in plaintiff's complaint are vague and conclusory, and the allegations do not rise to the level of a constitutional violation. The Tenth Circuit Court of Appeals consistently has held that bald conclusions, unsupported by allegations of fact, are legally insufficient, and pleadings containing only such conclusory language may be summarily dismissed or stricken without a hearing. *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989), *cert. denied*, 493 U.S. 1059 (1990); *Lorraine v. United States*, 444 F.2d 1 (10th Cir. 1971). Therefore, summary dismissal is appropriate.

**ACCORDINGLY,** this action is, in all respects, DISMISSED as frivolous and malicious, pursuant to 28 U.S.C. § 1915A(b)(1). All pending motions are DENIED as moot.

**IT IS SO ORDERED** this 10th day of May, 2010.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma